

FILED
JUL -7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  cf  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. BOTTOMLEY,<br><br>  Petitioner,<br><br>  v.<br><br>JAMES E. TILTON,<br><br>  Respondent. | CASE NO: 07-CV-1973 W (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS [DOC. 6] AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner James C. Bottomley ("Petitioner"), a state prisoner proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On December 12, 2007, Respondent James E. Tilton ("Respondent") filed a Motion to Dismiss. On April 21, 2008, United States Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report"), recommending that the Court grant the motion. On May 13, 2008, Petitioner filed objections to the Report.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons outlined below, the Court adopts the Report, and **DISMISSES** the Petition.

## I. BACKGROUND

The facts of this case are not in dispute. On August 18, 2000, a jury convicted Petitioner, a practicing attorney, of second-degree murder. Petitioner was sentenced to a term of 40-years-to-life.

On June 27, 2001, Petitioner appealed his conviction. He raised, *inter alia*, an ineffective assistance of counsel claim based on trial counsel's failure to show jurors Petitioner's journal entries. The appellate court affirmed the conviction and sentence, and Petitioner's subsequent petition for review with the California Supreme Court was denied. On February 23, 2004, the U.S. Supreme Court denied Petitioner's petition for writ of certiorari. (Resp.'s Lodgment No. 4.)

Meanwhile, Petitioner's counsel, Laura Gordon, assured Petitioner that she would prepare and file his state habeas petition raising a new ineffective assistance of counsel claim. The new claim was based on trial counsel's alleged failure to adequately investigate and introduce evidence that Petitioner was prescribed the wrong medication (i.e., Wellbutrin) for treatment of his bi-polar disorder. According to Petitioner, these facts would have assisted his heat-of-passion defense because the Wellbutrin aggravated Petitioner's mental state at the time of the murder (the "Wellbutrin Theory"). (Oppo. to Mt. to Dismiss, p.6.)

During a fifteen month period, Gordon continued to assure Petitioner that she was investigating and researching the basis for his new claim, and consulting with a medical expert and other attorneys about the habeas petition. Then on January 3, 2005, Gordon terminated their attorney-client relationship.

On February 23, 2005, Petitioner, proceeding *pro se*, filed a state habeas petition raising the new ineffective assistance of counsel claim based on the Wellbutrin Theory. (Oppo. to Mt. to Dismiss, p.1–2.) On June 10, 2005, the superior court denied the petition. (Id., Ex. A, p.1.)

On September 28, 2005, Petitioner filed a petition with the California Court of Appeal, which was denied on December 6, 2005. On January 30, 2006, Petitioner filed a petition with the California Supreme Court, which was summarily denied on October 11, 2006. (Resp.'s Lodgment No. 8.)

On October 11, 2007, Petitioner filed the current Petition based on two claims. First, Petitioner raises the new ineffective assistance of counsel claim based on the Wellbutrin Theory. Second, Petitioner claims a denial of due process arising from the California courts' summary denial, without hearings, of his new claim.

On December 12, 2007, Respondent filed the motion to dismiss arguing that the Petition was barred by the statute of limitations. See 28 U.S.C. §2244(d). Petitioner's opposition argued that the limitations period should be equitably tolled for the period that he relied on appellate counsel Gordon to prepare and file the state habeas petition, and for the period thereafter when he "scrambled" to file the petition pro se. Petitioner also argued that the Petition was timely because the claims raised therein were distinct from those raised on direct appeal. Petitioner, therefore, argued that the statute of limitations for the new claims did not start until October 11, 2006, when the California Supreme Court denied the habeas petition.

On April 21, 2008, Judge Stormes issued the Report which found that Petitioner was entitled to some equitable tolling, but nevertheless recommended that this Court grant the motion to dismiss. On May 13, 2008, Petitioner filed his objections to the Report. Petitioner argues that the Report incorrectly determined the amount of equitable tolling warranted. Petitioner also objects to the Report's finding that the statute of limitations on the new ineffective assistance of counsel claim started no later than February 9, 2005.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and

28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

### III.   DISCUSSION

Having read and considered the Petition, the Report, and Respondent's objections thereto, the Court finds the Report presents a well-reasoned analysis of the issues. The Court, therefore, concludes that the statute of limitations was equitably tolled until January 3, 2005, at which point Petitioner no longer relied on attorney Gordon to prepare the state habeas petition. However, after granting such tolling, the Petition remains untimely.

Additionally, the Court finds the Report correctly concluded that the statute of limitations on the new ineffective assistance of counsel claim began no later than February 9, 2005. For these reasons, the Court will grant the motion to dismiss.

#### A.   Equitable Tolling.

Petitioner argues that equitable tolling is warranted for the following periods: (1) while Petitioner was represented by Gordon, and relied on her to prepare and file his state habeas petition; and (2) from the termination of the attorney-client relationship until Petitioner filed the first state habeas petition. The Report recommends equitable tolling for only the period Petitioner relied on Gordon.

The Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28. U.S.C. §2244(d)(1).

AEDPA's one-year limitations period is subject to equitable tolling when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. Dist. Ct, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part on other grounds by Calderon v. U.S. Dist. Ct, 163 F.3d 530 (9th Cir. 1997)) (citation omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001).

Petitioner holds the burden to prove that equitable tolling is appropriate, and must establish: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408 at 418; see Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Whether a petitioner is entitled to equitable tolling is a "highly fact-dependent" analysis. Espinoza-Matthews, 432 F.3d at 1026 (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)).

The relevant facts are undisputed and demonstrate that from October 2003, Petitioner relied on attorney Gordon's repeated assurances that she would prepare and file his state habeas petition. Gordon was aware the U.S. Supreme Court denied the petition for writ of certiorari on February 23, 2004, so that the deadline to file the habeas petition in federal court was February 24, 2005.

Petitioner corresponded regularly with Gordon, demonstrating that he relied on her representations. Gordon also repeatedly assured Petitioner that she would not abandon him. Despite these assurances, Gordon ended their attorney-client relationship on January 3, 2005, when she informed Petitioner that she would no longer work on the habeas petition.

Based on these facts, the Court finds that Petitioner was pursuing his rights diligently, and that Gordon's abrupt decision to stop representing Petitioner shortly before the federal habeas filing deadline was an external circumstance beyond his control. Accordingly, the Court agrees with the Report's finding that these factors warrant 315 days of equitable tolling, from February 24, 2004 (when the U.S. Supreme Court denied certiorari) to January 3, 2005 (when Gordon terminated their attorney-client relationship).

The Court, however, disagrees with Petitioner's contention that he is entitled to an additional fifty days of equitable tolling for the period beyond the date Gordon terminated their relationship. Petitioner attempts to justify the additional tolling by asserting that because he relied on Gordon's assurances that she would research and file his habeas petition, he was forced to "scramble to prepare his own petition while incarcerated." (Objection, p. 4.)

But Petitioner fails to demonstrate how Gordon's departure constitutes an 'extraordinary circumstance' that *hindered* his ability to file the petition. Pro se habeas petitions are common, and thus the lack of counsel alone is not sufficient to establish a hinderance. Moreover, Petitioner is a former attorney who actively participated with Gordon in researching and preparing the habeas petition. (See Oppo. to Mt. to Dismiss, Ex.s D–T.) Additionally, as early as October 15, 2004, Gordon warned Petitioner that she might be unable to file the habeas petition, and she suggested that he might have to file the petition *pro se*. (Oppo. to Mt. to Dismiss, Ex. I.) Petitioner also admits that after receiving Gordon's termination notice he undertook to prepare his own petition and successfully filed it before the deadline. (Objection, p.4.) Based on these facts, Petitioner is not entitled to equitable tolling for the period after Gordon stopped representing him.

Petitioner also argues that he is entitled to equitable tolling because he relied on the incorrect belief of his current attorney, John Lanahan, that the Petition in the instant case was due on October 11, 2007. But an attorney's "miscalculation of the limitations period . . . in general [does] not constitute extraordinary circumstances sufficient to warrant

equitable tolling." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001); see also Miranda v. Castro, 293 F.3d 1063, 1068 (9th Cir.2001) (reiterating Frye's holding that counsel's miscalculation and negligence in general do not constitute "extraordinary circumstances" sufficient to warrant equitable relief.). Thus, Petitioner's counsel's failure to accurately compute the due date is insufficient to warrant equitable tolling.

For the foregoing reasons, the Court finds that the statute of limitations was tolled until January 3, 2005, when Gordon terminated the attorney-client relationship. Because Petitioner did not commence the federal habeas proceedings until October 11, 2007, the Petition is time barred.

**B.    Statute of Limitations Start Date.**

Petitioner's habeas petition to the California Supreme Court included new evidence supporting his ineffective assistance of counsel claim based on the Wellbutrin Theory. Specifically, Petitioner included declarations from two psychologists, Dr. Gregg A. Michael and Dr. Richard Levak. Petitioner does not contend that these declarations alerted him to the Wellbutrin issue, but instead he alleges that the declarations "established that the facts that were the basis of the claim of ineffective assistance of trial counsel could have been obtained prior to [P]etitioner's trial." (Objection, p.6.) And because the statute of limitations is tolled during the pendency of state habeas proceedings, Petitioner argues that the statute of limitations on the new claim did not begin until October 12, 2006, when the California Supreme Court denied the petition.

But the statute of limitations starts to run when the petitioner knows, or through due diligence can discover, the underlying facts. 28. U.S.C. §2244(d)(1)(D). The statute does not start to run when the petitioner recognizes the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.2001). Here, the evidence confirms that Petitioner was well aware of the facts supporting the new ineffective assistance of counsel claim long before he filed the state habeas petition.

After being arrested, Petitioner attempted to commit suicide. At the time, Petitioner knew that he was manic depressive. (See Objection., p.6.) Then in February 2000, a prison psychiatrist diagnosed Petitioner with bipolar disorder and discontinued his use of Wellbutrin. (Resp.'s Lodgment 7, Ex. 23, ¶ 5(f)). Notwithstanding these facts, the Wellbutrin issue was never raised during trial.

By August 2003, Petitioner had retained a psychiatrist, Dr. Stephen Pittel, who confirmed the bipolar diagnosis. (Resp.'s Lodgment 7, Ex. 23, ¶ 5(g)). And on April 21, 2004, attorney Gordon sent Petitioner an e-mail, in which she discussed the status of her investigation into Petitioner's new ineffective assistance of counsel claim. (See Oppo. to Mt. to Dismiss., Ex. E.)

These facts establish that by April 21, 2004, Petitioner and attorney Gordon clearly knew about the facts supporting the Wellbutrin issue. Also clear is that Petitioner and Gordon knew that the Wellbutrin issue was not raised at trial. Accordingly, Petitioner's contention that the limitations period did not begin until October 11, 2006, when the California Supreme Court denied the state habeas petition, lacks merit.[1]

C.  **Request for Evidentiary Hearing.**

Finally, Petitioner requests an evidentiary hearing on the following two issues:

(1) the petitioner's ability to take over what he thought was a near completed investigation necessary for the filing of a state habeas corpus petition, and

(2) the facts available and known to the petitioner in the exercise of due diligence that would have made a sufficient showing of the facts necessary to prove trial counsel's deficient performance and the prejudice of trial counsel's failure to do so.

---

[1] The Court also finds that the Report correctly determined that 28 U.S.C. § 2244(b) does not apply because Petitioner's new ineffective assistance of counsel claim was included in the first state habeas petition. Section 2244(b) expressly applies to "second or successive" habeas corpus applications.

Because the above analysis is based on undisputed facts, and evidentiary hearing would not result in a different ruling. Accordingly, the Court denies Petitioner's request for an evidentiary hearing.

### IV.  CONCLUSION AND ORDER

For the reasons stated above, the Court **ADOPTS** the findings contained in the Report, **GRANTS** Respondent's motion to dismiss with prejudice (Doc. No. 6) and **DENYS** the Petition.[2] The Clerk of Court shall close the district court case file.

IT IS SO ORDERED.

DATE: July 7, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[2] In light of the ruling that the Petition is time barred, the Court need not address the exhaustion issue.