1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10
11  JAMES C. BOTTOMLEY,                    CASE NO. 07-CV-1973W(NLS)
12                       Petitioner,       **ORDER DENYING REQUEST
13                                         FOR CERTIFICATE
14          v.                             OF APPEALABILITY**
15  JAMES E. TILTON,
16                       Respondent.
17
18       Petitioner James C. Bottomley ("Petitioner"), a state prisoner proceeding through
19  counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
20  ("Petition"). On December 12, 2007, Respondent James E. Tilton ("Respondent") filed
21  a Motion to Dismiss. On April 21, 2008, United States Magistrate Judge Nita L.
22  Stormes issued a Report and Recommendation ("Report"), recommending that the
23  Court grant the motion. On May 13, 2008, Petitioner filed objections to the Report.
24  By order dated July 3, 2008 this court denied habeas relief. Petitioner now requests a
25  Certificate of Appealability ("COA"). For the reasons discussed below, the Court
26  **DENIES** Petitioner's COA request.
27  //
28  //

## I. BACKGROUND

The facts of this case are not in dispute, and are taken from the Court's July 3, 2008 order denying habeas relief.

On August 18, 2000, a jury convicted Petitioner, a practicing attorney, of second-degree murder. Petitioner was sentenced to a term of 40-years-to-life.

On June 27, 2001, Petitioner appealed his conviction. He raised, *inter alia*, an ineffective assistance of counsel claim based on trial counsel's failure to show jurors Petitioner's journal entries. The appellate court affirmed the conviction and sentence, and Petitioner's subsequent petition for review with the California Supreme Court was denied. On February 23, 2004, the U.S. Supreme Court denied Petitioner's petition for writ of certiorari.

Meanwhile, Petitioner's counsel, Laura Gordon, assured Petitioner that she would prepare and file his state habeas petition raising a new ineffective assistance of counsel claim. The new claim was based on trial counsel's alleged failure to adequately investigate and introduce evidence that Petitioner was prescribed the wrong medication (i.e., Wellbutrin) for treatment of his bi-polar disorder. According to Petitioner, these facts would have assisted his heat-of-passion defense because the Wellbutrin aggravated Petitioner's mental state at the time of the murder (the "Wellbutrin Theory").

During a fifteen month period, Gordon continued to assure Petitioner that she was investigating and researching the basis for his new claim, and consulting with a medical expert and other attorneys about the habeas petition. Then on January 3, 2005, Gordon terminated their attorney-client relationship.

On February 23, 2005, Petitioner, proceeding *pro se*, filed a state habeas petition raising the new ineffective assistance of counsel claim based on the Wellbutrin Theory. On June 10, 2005, the superior court denied the petition.

On September 28, 2005, Petitioner filed a petition with the California Court of Appeal, which was denied on December 6, 2005. On January 30, 2006, Petitioner filed

a petition with the California Supreme Court, which was summarily denied on October 11, 2006.

On October 11, 2007, Petitioner filed the federal Petition based on two claims. First, Petitioner raised the new ineffective assistance of counsel claim based on the Wellbutrin Theory. Second, Petitioner claimed a denial of due process arising from the California courts' summary denial, without hearings, of his new claim. On December 12, 2007, Respondent filed a motion to dismiss arguing that the Petition was barred by the statute of limitations. See 28 U.S.C. §2244(d). Petitioner's opposition argued that the limitations period should be equitably tolled, and that the claims raised therein were distinct from those raised on direct appeal.

On July 3, 2008, this Court issued an order adopting in its entirety Magistrate Judge Stormes' Report, granting the motion to dismiss, and denying the Petition. (See Doc. No. 15 [the "Order"].)  In the Order, the Court held that equitable tolling was appropriate for the period during which Petitioner relied on Gordon (from February 23, 2004 until January 3, 2005). The Court, however, declined to allow equitable tolling after January 3rd, when Petitioner prepared the state petition himself. Furthermore, the Court found that Petitioner was aware of the underlying facts supporting the ineffective assistance of counsel claim based on the Wellbutrin theory by no later than April 21, 2004, not October 11, 2006 as Petitioner contended.

On August 6, 2008, Petitioner filed his request for COA. For the following reasons, the Court denies the request.

## II.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates

of appealability under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Id. at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requirement means that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253 (c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, *a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

### III.   DISCUSSION

In seeking a COA, Petitioner challenges the Court's denial of equitable tolling for the period following the termination of Petitioner's attorney-client relationship, when Petitioner prepared and filed his first state habeas petition. Petitioner also challenges this Court's ruling regarding the commencement of the statute of limitations. Because Petitioner was denied habeas relief on procedural grounds, the two-part test established in Slack applies. A COA is warranted if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). The test has two components which *must* be satisfied: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. Thus, a court may dispose of a COA application if the

petitioner fails to make either showing. Id. at 485. Indeed, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. at 484.

Here, the Court properly held, and no reasonable jurist would find it debatable, that Petitioner's habeas claim was procedurally defective because it was not timely filed. Therefore, the COA must be denied.

### A.  Equitable Tolling

Petitioner first claims that the amount of equitable tolling awarded by the Court was incorrect. Specifically, Petitioner claims that the Court erred in finding that the statute of limitations should not be tolled for the time following the termination of the attorney-client relationship, when Petitioner was preparing his state habeas petition. The Court finds Petitioner's contention unpersuasive.

The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Equitable tolling of the statute of limitations is permitted when "extraordinary circumstances" beyond the petitioner's control make it

impossible for him to file his petition on time. <u>Calderon v. U.S. Dist. Ct.</u>, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled in part on other grounds by <u>Calderon v. U.S. Dist. Ct.</u>, 163 F.3d 530 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Lott v. Mueller</u>, 304 F. 3d 918, 922 (9th Cir. 2002).

Under AEDPA, the statute of limitations in this case began to run on February 23, 2004, when the U.S. Supreme Court denied Petitioner's request for certiorari. 28 U.S.C. § 2244(d)(1)(A). Petitioner established that from February 23, 2004 until January 3, 2005, when Gordon terminated their attorney-client relationship, he justifiably relied on Gordon to prepare the state habeas petition. Accordingly, the Court held that the statute of limitations should be tolled for this period.

The Court, however, refused to allow tolling for the period after January 3, 2005, when Petitioner was preparing the petition. Petitioner is not entitled to tolling for this period because he failed to demonstrate how the termination of the attorney-client relationship hindered his ability to prepare and file the state petition. Many habeas petitioners proceed on a pro se basis. Thus, the fact that Petitioner was forced to proceed pro se, especially considering that he is an attorney, does not amount to the extraordinary hardship necessary to justify equitable tolling. Because Petitioner failed to support his request for tolling during this period, the Court finds that the ruling is not debatable by jurists of reason. Petitioner's COA request on this issue is, therefore, denied.

### B.  Statute of Limitations

In objecting to the Report, Petitioner claimed that the statute of limitations did not begin to run until October 12, 2006, because until then, Petitioner did not know about the facts supporting his ineffective assistance of counsel claim based on the Wellbutrin Theory. (Objection, 6:16–19.) The Court found, however, and reasonable

jurists could not debate, that Petitioner and his counsel were "clearly" aware of all of the underlying facts regarding his new claim by no later than April 21, 2004. (Order, 8:11–12.)

Relying on that finding, Petitioner now raises a new argument: that the Court's ruling on the statute of limitations start date should be combined with the equitable tolling ruling. In other words, Petitioner seeks to add 315 days of tolling to April 21, 2004. Petitioner's argument is unpersuasive for two reasons.

First, contrary to Petitioner's contention, the Court did not establish April 21, 2004 as the definitive statute of limitations start date for the claim based on the Wellbutrin Theory. Rather, in the context of evaluating Petitioner's contention that until October 12, 2006, he was unaware of sufficient facts to start the limitations period, the Court found that Petitioner, in fact, had the requisite knowledge by no later than April 21, 2004, when attorney Gordon sent Petitioner a letter discussing the status of the investigation into the Wellbutrin Theory. Based on that letter, Gordon and Petitioner must have known about the facts giving rise to the Wellbutrin Theory long before April 21, 2004, otherwise Gordon could not have written the letter. Thus, the Court did not establish April 21, 2004 as the statute of limitations start date.[1]

Second, and perhaps more importantly, Petitioner's argument misconstrues the Court's decision on equitable tolling. As discussed above, the Court allowed equitable tolling for the period during which Petitioner justifiably relied on Gordon to prepare the state habeas petition. Thus, regardless of when the statute of limitations started, tolling ended on January 3, 2005, when Gordon terminated the attorney-client relationship, because at that point Petitioner could not longer justifiably rely on Gordon to prepare the petition. Accordingly, if the statute started on April 21, 2004, rather than February 23, 2004, Petitioner would have simply been entitled to fewer days of tolling.

---

[1] Indeed, by adopting "the findings contained in the Report" (*see* Order, 9:6–7), the Court necessarily agreed with Magistrate Judge Stormes' conclusion that the limitations period began as early as August 2003. (Report, 10:17–20.)

For these reasons, the Court properly determined that Petitioner's habeas claim was untimely. No reasonable jurist could conclude otherwise. <u>Slack</u>, 529 U.S. at 484.

### IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's COA request. The case shall remain closed.

**IT IS SO ORDERED**.

DATED: September 5, 2008

_____
Hon. Thomas J. Whelan
United States District Judge